951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank LYONS, Plaintiff-Appellant,
v.
Art BUSTOS, in his official capacity as District Attorney
for San Miguel, Mora and Guadalupe Counties; Dennis
English; Larry Slatten; P. Swanson, in their individual
capacities as members of the Las Vegas Police Department;
Board of Commissioners of the County of Guadalupe; City of
Las Vegas, Defendants-Appellants.
 No. 90-2193.
 United States Court of Appeals, Tenth Circuit.
 Dec. 30, 1991.
 
 Before HOLLOWAY, SETH and TACHA, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Plaintiff-appellant Frank Lyons appeals from his 42 U.S.C. § 1983 suit against Officers Larry Slatten and Dennis English and against the Board of Commissioners of Guadalupe County in which the jury returned a verdict in favor of defendants. On appeal, Lyons argues that the district court erred by submitting inadequate instructions to the jury on his claims of unlawful detention and unconstitutional jail conditions, by directing a verdict against plaintiff on his claim for wrongful prosecution, and by excluding the testimony of plaintiff's expert witnesses on probable cause. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Lyons contends that the district court, in effect, dismissed his claim for unlawful detention by not instructing the jury regarding the need for reasonable suspicion prior to an initial detention under Terry v. Ohio, 392 U.S. 1 (1968). When reviewing a claim related to jury instructions, we read and evaluate the instructions in their entirety. United States v. Denny, 939 F.2d 1449, 1454 (10th Cir.1991). "We must then determine whether the instructions [ ] fairly, adequately, and correctly state the governing law and provide the jury with an ample understanding of the applicable principles of law and factual issues confronting them." Id. After reviewing the jury instructions, we conclude that the district court adequately instructed the jury--particularly in Instruction No. 13--on plaintiff's claim of an unlawful initial detention.
 
 
 4
 Lyons also contends that the jury instructions improperly stated the standard for unconstitutional jail conditions. However, he only raised this contention in a post-trial motion for a new trial, not prior to submission of instructions tot he jury. Under Fed.R.Civ.P. 51, no party may assign error to a jury instruction unless that party objects before the jury retires. We have recognized a narrow exception to this contemporaneous exception rule when jury instructions are so faulty as to constitute plain error. Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1546 n. 6 (10th Cir.1987); Lusby v. T.G. & Y. Stores Inc., 796 F.2d 1307, 1311 (10th Cir.), cert. denied, 479 U.S. 884 (1986). After reviewing the district court's instruction on jail conditions, we conclude that no plain error was committed.
 
 
 5
 Lyons also argues that the trial court erred by granting defendants' motion for directed verdict on his wrongful prosecution claim. Lyons' proposed jury instructions regarding his wrongful prosecution claim were based on violations of the Fourth Amendment. On appeal, he argues that the Fourth Amendment supports his claim for wrongful prosecution--an issue he claims is of first impression. He further argues that, under the Fourth Amendment, he need not show malice in order to prevail. In reviewing a district court's directed verdict, we apply the same standard applied by the district court and we inquire whether the evidence, viewed in the light most favorable to the nonmoving party, presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). After carefully examining plaintiff's § 1983 claim in light of the language of the Fourth Amendment, we conclude that the Fourth Amendment simply does not support an action for wrongful prosecution. A § 1983 claim related to Lyons' prosecution by definition implicates the Due Process Clause. See Goodwin v. Mets, 885 F.2d 157, 163 (4th Cir.1989), cert. denied, 110 S.Ct. 1812 (1990). This explains why Lyons was unable to cite authority to support his Fourth Amendment claim. Because plaintiff failed to plead and prove a proper constitutional basis for his wrongful prosecution claim, we hold that he has failed to show a deprivation of a constitutional right--the threshold showing for a § 1983 claim. See Anthony v. Baker, 767 F.2d 657, 666 (10th Cir.1985).
 
 
 6
 Finally, Lyons argues that the district court erred by excluding the testimony of plaintiff's expert witnesses on the issue of probable cause. A district court has broad discretion with respect to the determination of whether to admit an expert's testimony at trial. Lemaire v. United States, 826 F.2d 949, 952-53 (10th Cir.1987). We reverse only if the district court has abused its discretion in making this determination. In this case, the court expressed its doubt as to the experts' qualifications to testify on probable cause in the circumstances of this particular case; the court also questioned the need for expert witnesses to help the jury on the factual issue of probable cause. Under these circumstances, we hold that the district court did not abuse its discretion in excluding the testimony of these expert witnesses. See Specht v. Jensen, 853 F.2d 805 (10th Cir.1988) (en banc), cert. denied, 488 U.S. 1008 (1989).
 
 
 7
 In summary, we find that the foregoing contentions are without merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3